Action to have a zoning ordinance of the Town of Clarkstown declared invalid and) to have a portion of the ordinance declared to be inapplicable to certain real property of the plaintiff. The defendants interposed an affirmative defense to the effect that the operations of the plaintiff constituted a nuisance; invoked the pleaded new matter as a counterclaim and sought judgment enjoining the plaintiff from operating a quarry on its property in the town of Clarkstown. Order denying plaintiff’s motion to strike out the defense and dismiss the counterclaim contained in defendants’ amended answer reversed on the law, with $10 costs and disbursements, and the motion granted, with $10 costs. The new matter invoked as a defense is insufficient in law as it does not tend to defeat plaintiff’s right to the judgment it seeks under the allegations of its complaint. (3 Carmody on New York Pleading and Practice, § 986.) Likewise, those allegations are not sufficient as a counterclaim. The defendants have no capacity to sue in connection with the subject matter of the counterclaim as there is no statute giving them power so to do. {City of Yonkers v. Federal Sugar Refining Co., 136 App. Div. 701, affd. 207 N. Y. 724.) If plaintiff’s operations constitute a public nuisance or a private nuisance, remedies are available to redress such grievances as arise therefrom. Lewis, P. J., Carswell, Johnston, Nolan and Sneed, JJ., concur.